## GENERAL ASSEMBLY

### ELECTIONS – CANDIDATES – ELECTION BOARDS – SCOPE AND IMPLEMENTATION OF "RESIDENT DELEGATE" STATUTE

March 8, 1994

*The Honorable Kenneth D. Schisler*
*House of Delegates*

You have requested our opinion on three questions involving the application of the "Resident Delegate" statute, which provides that "[i]n any legislative district which contains more than two counties or parts of more than two counties, and where delegates are to be elected at-large by the voters of the entire district, a county, or part of a county, may not have more than one delegate resident in that district." Specifically, you have asked:

1.   Does the Resident Delegate statute apply to two-member districts?

2.   In districts where the Resident Delegate statute applies, does it mandate that voters in one county vote for only one candidate from the county of their residence?

3.   If the Resident Delegate statute does not apply in two-member districts, are local boards of elections nevertheless permitted to restrict residents of a county to voting for only one candidate residing in the county of the voter's residence?

For the reasons stated below, it is our opinion that:

1.   The Resident Delegate statute does not apply to two-member delegate districts.

2.   A voter in a legislative district where the Resident Delegate statute applies may not vote for more than one candidate who resides in a particular county.

3.     In two-member delegate districts, a local election board may not restrict voters to voting for only one candidate from their county of residence.

# I

## Background

The Resident Delegate requirement has appeared in every State legislative redistricting plan since 1973. Although enacted as part of a joint resolution pursuant to Article III, §5 of the Maryland Constitution, the Resident Delegate statute has been codified in §2-201(d) of the State Government ("SG") Article, Maryland Code. It has never applied in any other part of the State except the Eastern Shore. The purpose of the statute is to attempt to give each Eastern Shore county a chance to elect one resident delegate. *See State Administrative Board of Election Laws v. Calvert*, 272 Md. 659, 327 A.2d 290 (1974), *cert. denied*, 419 U.S. 1110 (1975). A constitutional attack on the statute was rejected by the Maryland Court of Appeals in the *Calvert* case; at the same time, the Court upheld the Attorney General's instructions on the administration of the requirement. *See* 272 Md. at 675-78; 59 *Opinions of the Attorney General* 259 (1974).

After the 1992 Legislative Redistricting Plan was adopted, numerous constitutional and statutory challenges were made to the plan, including a federal Voting Rights Act attack on at-large voting in certain Eastern Shore districts. *See NAACP v. Schaefer*, 849 F. Supp. 1022 (D. Md. 1994). Although most of the plan survived judicial scrutiny, the three-judge federal court found a Voting Rights Act violation on a portion of the Eastern Shore and ordered the creation of a single-member district in Dorchester and Wicomico Counties with African-Americans having a majority of the voting age population.

Although the case did not involve a direct attack on the Resident Delegate statute, the judges noted that:

> Maryland's Resident Delegate statute requires candidates to run for designated posts (*e.g.*, for a Wicomico County seat, or for the Dorchester County seat, etc.) on the ballot,

thus breaking what would otherwise be a single contest for three Delegates into three contests, each for only one Delegate. Each voter can cast only one vote per contest; thus by withholding votes, she is not taking votes away from the rivals of her preferred candidate. Therefore, the "designated post" scheme established by Maryland's Resident Delegate statute frustrates single-shot voting and impairs the opportunity of Eastern Shore blacks to elect their Delegate of choice.

*NAACP v. Schaefer* at 1062. In a footnote, the federal court said that the Resident Delegate scheme was mandated for three-member delegate districts only and that "the creation of a majority black, single-member district in Wicomico and Dorchester Counties would remove District 37 from the statute's coverage." *NAACP v. Schaefer* at 1062.

On February 28, 1994, the State submitted a proposed redistricting plan to the court to remedy the Voting Rights Act violation: Districts 36 and 38 remain three-member districts where candidates run at-large; District 37 consists of a single-member minority delegate district and a two-member at-large delegate district. With this background in mind, we turn to your questions.

## II

### Scope of Resident Delegate Requirement

SG §2-201 provides, in relevant part, that:

(a) The State of Maryland is divided into 47 districts for the election of members of the General Assembly of Maryland.

(b) Each *legislative district* shall elect 1 Senator and 3 Delegates.

(c) Each *legislative district* may be subdivided into 3 single member delegate

districts or into 1 single member delegate district and 1 multimember delegate district.

(d)   In any *legislative district* which contains more than 2 counties or parts of more than 2 counties, and where Delegates are to be elected at large by the voters of the entire district, a county, or part of a county, may not have more than 1 Delegate residing in that district.

(Emphasis added.)   In the current General Assembly, Legislative District 36 comprises all or part of five counties; the three delegates elected at-large to represent this district are required by the Resident Delegate statute to reside in three of the five counties.  Legislative District 37 comprises all or part of four counties; the delegates reside in three of the four counties.  Legislative District 38 comprises all or part of three counties; one delegate resides in each of the three counties.

It is apparent from both SG §2-201 and the remaining provisions of the redistricting plan that the words "legislative district" refer to a district that contains one senator and three delegates.  It is not the same as a "delegate district," either one containing a single member or two members.  Because the Resident Delegate requirement applies only to a "legislative district" – that is, a district with three delegates – the plain language of SG §2-201(d) supports the conclusion of the federal District Court in *NAACP v. Schaefer* that the Resident Delegate statute does not apply in one- or two-member districts.

## III

### Voting In Resident Delegate Districts

In 59 *Opinions of the Attorney General* 259, 267 (1974), Attorney General Burch stated his opinion "that, despite the fact that no more than one candidate can be elected (or nominated at a primary election) from a particular county, each individual voter should be free to vote for more than one person residing in that county and should be subject only to the limitation that he may vote for no more than three candidates throughout the district....  In the

absence of some specific authority for restricting the choice of the individual voter, we think that he should be left free to vote for whichever three candidates he thinks best qualified, regardless of their county of residence ...."

The "specific authority for restricting" voter choice was enacted three years later, in Chapter 818 of the Laws of Maryland 1977. This provision, codified in Article 33, §16-5(d), is as follows: "If there is a provision for the election of delegates who are by law required to live in a specific county and only a certain number of delegates may be elected from the county, an elector may not cast a vote for more than that number of candidates from that specific county." Hence, if the Resident Delegate statute prevents the election of more than one delegate from a county, voters in that county may not vote for more than one candidate from that county.

## IV

### Election Board Discretion

In sanctioning unrestricted voting in three-member delegate districts under the law at the time, the 1974 opinion correctly emphasized that restrictions on the ability of voters to vote for the candidates of their choice should not be implied and require specific legislative authorization. 59 *Opinions of the Attorney General* at 267. This conclusion fully applies with respect to two-member districts. Because the Resident Delegate restriction does not apply, neither does the limitation on voting in Article 33, §16-5(d), discussed in Part III above. There is no authority, either express or implied, that would allow local election boards to restrict voters to voting for only one candidate from their county of residence in two-member districts.

## V

### Conclusion

For all of these reasons, it is our opinion that:

1.    The Resident Delegate statute does not apply to two-member delegate districts.

2.   A voter in a legislative district where the Resident Delegate statute applies may not vote for more than one candidate who resides in a particular county.

3.   In two-member delegate districts, a local election board may not restrict voters to voting for only one candidate from their county of residence.

J. Joseph Curran, Jr.
*Attorney General*

Robert A. Zarnoch
*Assistant Attorney General*

*Jack Schwartz*
*Chief Counsel*
  *Opinions & Advice*